**FILED**
SEP 19 2012
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER P. CAMBRON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. **12 1549** |
| ) | |
| ERIC HOLDER, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter comes before the court on review of plaintiffs' application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiffs allege that, after Brenda Cambron contacted the U.S. Department of Justice on April 11, 2012 asking "about the bounty Black Panther Party had put on George Zimmerman in the Trayvon Martin shooting case, and why Eric Holder was ignoring it," Compl. at 1-2, an agent of



the Federal Bureau of Investigation visited plaintiffs and inquired about their source of income, residence, and medications they may be taking, *id.* at 3. According to plaintiffs, this event "is just another attempt to discredit Christopher," as it is "easier for the Attorney General to discredit the plaintiffs than for the truth to come out" about how defendant "ignored the warnings from the top national security advisor, *id.*, Christopher Cambron, *see id.* at 2. Plaintiffs demand "a settlement" of $50,000 as compensation for the "emotional distress" these events have caused their family. *Id.* at 4.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiffs' complaint, the court concludes that it is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i). An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: 9/17/12